■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JONES, Appellant. [673 NYS2d 385] —Judgment, Supreme Court, New York County (Rena Uviller, J., at suppression hearing; Bruce Allen, J., at jury trial and sentence), rendered March 14, 1995, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 4½ to 9 years and 1 day, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the hearing court's finding that the police did nothing more than approach defendant, and were some distance away when defendant voluntarily abandoned bags of cocaine. Even were we to treat the police action to be an approach to request information under the first tier of *People v De Bour* (40 NY2d 210), we would find that the officers had an objective credible reason for such action under the facts, as found by the hearing court, that defendant was observed, at a minimum, making an exchange of an unidentified object with another person on a desolate street at a drug prone location during the early morning hours (*see, People v Leveridge*, 204 AD2d 246, *lv denied* 84 NY2d 828; *People v White*, 171 AD2d 607, *lv denied* 78 NY2d 976). The fact that the location was drug prone was not rendered immaterial by police testimony that the precinct contained many such locations. The hearing evidence fails to support defendant's claim that the police approach was so "intimidating" that the encounter rose to the level of a common-law inquiry (*see, People v Hollman*, 79 NY2d 181, 184-185, 192). Accordingly, defendant's abandonment of the drugs was not the product of any unlawful police action.

Defendant's argument that the court's charge removed from the jury's consideration the issue of whether the substance in question was in fact cocaine is an argument requiring preservation (*see, People v Bettis*, 249 AD2d 72), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that any error in this regard was harmless in view of the overwhelming evidence

that the substance constituted cocaine (*supra*). Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.