■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO GONZALEZ, Appellant. [680 NYS2d 187] —Judgments, Supreme Court, New York County (Richard Andrias, J.), rendered July 28, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and convicting him, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 9 to 18 years and 6 to 12 years, respectively, unanimously affirmed.

Defendant's *Rosario* claim is unreviewable for lack of a sufficient record (*see, People v Parker*, 227 AD2d 174). The allegedly undisclosed portions of an interview with the accomplice witness would only constitute *Rosario* material to the extent they related to the accomplice's testimony, irrespective of whether they related to defendant in some manner. The existing record does not establish that any such *Rosario* material was omitted from the redacted portions of the interview that were disclosed to defendant. As for defendant's *Brady* argument, there is no showing of a "reasonable possibility" that he would not have been convicted if the full interview had been turned over to the defense. To the extent that "bad acts" committed by the accomplice were undisclosed, such impeachment material would have been cumulative to the wealth of impeachment material presented to the jury to evaluate the accomplice's character.

The court properly declined to sanction the People concerning the absence of a police report pertaining to the testimony of a detective who testified at the suppression hearing but not at trial. Although the People offered to continue searching for the report, it was clear by the end of the hearing that the report was irretrievable for all practical purposes. Since the report was lost or destroyed, and since defendant has not established that he was prejudiced by the loss, the court properly exercised its discretion by imposing no sanction (*People v Banch*, 80 NY2d 610, 616; *People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). In any event, suppression of identification testimony, which was the only sanction requested by defendant, was clearly unwarranted.

Defendant's complaints about "bad acts" evidence elicited from the accomplice witness are without merit, since the testimony served to "complet[e] * * * the narrative and enhanc[e] * * * the jury's understanding of the crime charged" (*People v Brown*, 160 AD2d 440, 442, *affd* 78 NY2d 874).

Defendant was not deprived of a fair trial by the prosecutor's cross-examination of him regarding prior uncharged crimes, since "these acts were highly probative of credibility and the

People established a good faith basis for such questioning" (*People v Larrea*, 251 AD2d 113, 114). As for the reports of defendant's harassing and threatening behavior toward the accomplice witness, the court properly exercised its discretion in allowing the prosecutor to cross-examine defendant on this matter, which tended to show consciousness of guilt (*People v Cotto*, 222 AD2d 345, *lv denied* 88 NY2d 846). The record does not support defendant's claim that the court's ruling constituted "punishment" for violating a court directive.

Defendant failed to establish a prima facie case of prosecutorial discrimination during jury selection (*see, People v Hunter*, 243 AD2d 292, *lv denied* 91 NY2d 834).

Defendant's challenges regarding the prosecutor's summation remarks are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that they would not warrant reversal. Concur—Rubin, J. P., Tom, Mazzarelli and Saxe, JJ.