■ The People of the State of New York, Respondent, v Eddie King, Appellant. [682 NYS2d 23] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered April 23, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, and also convicting defendant, upon pleas of guilty, of criminal sale of a controlled substance in the third degree (two counts), and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's argument that the court's charge impermissibly removed from the jury's consideration the element of whether the substance in question was a controlled substance is a contention that requires preservation (*People v Jones*, 250 AD2d 434), and we decline to review this unpreserved argument in the interest of justice. Were we to reach this claim, we would find that the court charged the jury that the People were required to prove beyond a reasonable doubt that defendant possessed heroin, and at no time informed the jury that the glassine envelopes in question contained heroin. In any event, were we to find the charge to be erroneous, we would find such error harmless in view of the overwhelming evidence that the substance constituted heroin.

Defendant's failure to object or to request any further relief after the court gave a *sua sponte* curative instruction has rendered his present challenges to the People's summation unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find that the challenged remarks did not deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.