■ GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant, v CHEMICAL BANK, Respondent. [682 NYS2d 584] —Order and judgment, Supreme Court, New York County (Lewis Friedman, J.), entered November 20, 1997 and December 4, 1997, respectively, unanimously affirmed for the reasons stated by Friedman, J., with costs and disbursements. No opinion. Concur—Rosenberger, J. P., Williams, Lerner and Rubin, JJ. [*See,* 174 Misc 2d 837.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANCHEZ, Appellant. [683 NYS2d 524] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered July 9, 1996, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's motion to set aside the verdict on grounds of alleged violation of *Brady v Maryland* (373 US 83) as well as newly discovered evidence was properly denied. The 14-year-old out-of-State misdemeanor conviction record of the complainant was not in the People's possession at the time of trial and they were not required to affirmatively seek it out. Therefore, the People cannot be faulted for a failure to disclose such record (*see, People v Ortiz*, 209 AD2d 332, *lv denied* 86 NY2d 739; *People v Santiago*, 138 AD2d 327, 329). In any event, even if disclosed, there is no reasonable possibility that this information would have resulted in a more favorable verdict for defendant, particularly since the witness was impeached at trial by his conviction for a more serious crime (*see, People v Gonzalez*, 253 AD2d 674). The undisclosed conviction likewise did not constitute newly discovered evidence requiring the verdict to be set aside pursuant to CPL 330.30 (3).

Defendant's challenge to the court's charge requires preservation (*People v Jones*, 250 AD2d 434, *lv denied* 92 NY2d 927), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the charge, when viewed as a whole, was a correct statement of the law (*see, People v Coleman*, 70 NY2d 817). Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.