■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADA ROMERO, Appellant. [731 NYS2d 430] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered April 13, 1999, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her to a term of 2½ to 5 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for a lengthy mid-trial continuance for the purpose of obtaining records of the complainant's pending New Jersey arrest for prostitution (*see, People v Pitts*, 255 AD2d 220, *lv denied* 93 NY2d 976). Contrary to defendant's argument, the People's failure to disclose the pending case at an earlier time did not violate *Brady v Maryland* (373 US 83). The record establishes that despite assurances by the complainant that the case had been dismissed, the prosecutor learned for the first time during jury selection that the case was still pending and immediately supplied this information to defense counsel, a disclosure that was clearly timely under CPL 240.45 (1) (c). Under the circumstances, the knowledge of the complainant's pending out-of-State case should not be imputed to the prosecution (*see, People v Sanchez*, 257 AD2d 451, *lv denied* 93 NY2d 878). In any event, there was no *Brady* violation since, in cross-examining the complainant, defendant was able to make extensive use of the available information concerning the New Jersey arrest (*see, People v Cortijo*, 70 NY2d 868), and there is no reasonable possibility that a different verdict would have resulted had defendant been able to obtain the New Jersey records (*see, People v Vilardi*, 76 NY2d 67).

We perceive no basis for reduction of sentence. Concur— Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.