198 P.3d 731

**Timothy Leonard QUEEN,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33536.

Court of Appeals of Idaho.

May 23, 2008.

Rehearing Denied July 30, 2008.

Review Denied Dec. 22, 2008.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Timothy Leonard Queen appeals from the district court's order dismissing his application for post-conviction relief after an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

Queen purchased a diamond from a lady who worked for a diamond wholesaler, but who also occasionally worked as an independent contractor, buying diamonds from her employer and selling them. At the time Queen purchased the diamond from the victim, she was acting in her capacity as an independent contractor. Queen paid $3,945 for the diamond with a check written on a closed account. Queen was charged with grand theft by deception.

Prior to trial, Queen filed a discovery request that specifically asked the state to provide a list of the prior felony convictions of its potential witnesses. Although the state disclosed the victim's boss, Steve Cline, from whom she bought the diamond as a potential witness, the state failed to disclose that Cline had two prior felony convictions from Oregon. At trial, Cline was called by the state as a rebuttal witness to contradict Queen's assertion that the victim was not responsible for the financial loss resulting from the

transaction and Queen's testimony that the value of the diamond was approximately $200. The jury found Queen guilty, and this Court affirmed Queen's judgment of conviction in an unpublished opinion. *State v. Queen,* Docket No. 30816 (Ct.App. May 6, 2005).

Queen filed a post-conviction application containing several allegations. The district court held a hearing on Queen's application, and the issues were narrowed to whether the state violated Queen's right to due process based on its failure to disclose the information regarding Cline's prior felony convictions and whether any potential error mandated a new trial. At the hearing, Cline was called, but he refused to testify because he was facing new charges unrelated to these events. Therefore, Queen and the state stipulated that Cline had two prior felony convictions from 1989 in Oregon for racketeering and the sale of unregistered securities, that he was given a twenty-year sentence, that he was incarcerated from 1989 to 1992 and then released on parole, and that neither the state nor law enforcement involved in Queen's case had actual knowledge of Cline's prior felony convictions.

The district court dismissed Queen's post-conviction application, concluding that the information on Cline's prior felony convictions was not within the knowledge or possession of the state and the failure to disclose it was not willful or inadvertent. The district court also determined that Queen failed to prove any resulting prejudice by a preponderance of the evidence. Queen appeals.

## II.

### STANDARD OF REVIEW

 In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State,* 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The

credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

## III.

## ANALYSIS

■ Due process requires all material exculpatory evidence known to the state or in its possession be disclosed to the defendant. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004). *See also* I.C.R. 16(a). There are three essential components of a true *Brady* violation. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999); *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. First, the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching. *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. Next, the evidence must have been suppressed by the state, either willfully or inadvertently. *Id.* Finally, prejudice must have ensued. *Id.* The duty of disclosure enunciated in *Brady* is an obligation of not just the individual prosecutor assigned to the case, but of all the government agents having a significant role in investigating and prosecuting the offense. *State v. Avelar*, 132 Idaho 775, 781, 979 P.2d 648, 654 (1999); *State v. Gardner*, 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct.App.1994). However, a prosecutor is not required to disclose evidence the prosecutor does not possess or evidence of which the prosecutor could not reasonably be imputed to have knowledge or control. *Avelar*, 132 Idaho at 781, 979 P.2d at 654.

Queen argues on appeal, pursuant to I.C.R. 16(b)(6), that the information regarding Cline's prior felonies was within the knowledge of the prosecuting attorney because it was readily accessible by the state through a records check. The state does not respond specifically to Queen's argument regarding I.C.R. 16(b)(6), but it argues generally that Queen is estopped from raising this issue on appeal because of his stipulation that the information was not known to the state.

■ Idaho Criminal Rule 16(b)(6) provides, in pertinent part, that upon written request by the defendant the prosecuting attorney shall furnish the names of individuals who may be called as witnesses "together with any record of prior felony convictions of any such person which is within the knowledge of the prosecuting attorney." In this case, Queen's post-conviction counsel stipulated that the state did not have actual knowledge of Cline's prior felony convictions. The plain language of I.C.R. 16(b)(6) requires disclosure of a potential witness's felony convictions only if that information is within the knowledge of the prosecuting attorney. Therefore, based on Queen's stipulation and the plain language of I.C.R. 16(b)(6), we conclude that Queen has failed to show that the state committed a discovery violation by failing to provide this information.

■ Furthermore, the state's disclosure duties pursuant to I.C.R. 16(b)(6) do not extend to persons called as rebuttal witnesses. *State v. Lopez*, 107 Idaho 726, 739, 692 P.2d 370, 383 (Ct.App.1984). In this case, Cline testified regarding the value of the diamond and whether the victim was actually responsible for the financial loss in rebuttal after Queen testified on those matters. Therefore, the state did not commit a discovery violation by failing to disclose Cline's felony record.

Queen also argues that the state had a duty under *Brady* to run a records check for felony convictions in the National Crime Information Center (NCIC) database in order to discover and disclose Cline's prior felony convictions. Queen asserts that the records contained in the NCIC database are "uniquely available to the prosecutor and contained in the computer system which the State controls. As such, they are possessed by the prosecutor who must run the conviction records check and disclose the results when they are favorable to the defense and material." Queen argues that, for the purpose of determining whether there was a *Brady* vio-

lation, the information contained in the NCIC database should be treated the same as a witness statement that only the police have knowledge of. *See Gardner,* 126 Idaho at 433, 885 P.2d at 1149 (finding a *Brady* violation where a police officer failed to disclose a witness statement to either the prosecutor or the defense). The state counters that the NCIC database is not controlled by the state but, instead, is controlled by the Federal Bureau of Investigation (FBI). Therefore, the state argues that it had no duty to search the NCIC database to determine whether Cline had prior out-of-state felony convictions.[1]

We begin by noting that the NCIC database is maintained by the FBI, not the state. *See State v. Parkinson,* 144 Idaho 825, 826, 172 P.3d 1100, 1101 (2007). However, that does not end our inquiry. The "duty of disclosure enunciated in *Brady* is an obligation of not just the individual prosecutor assigned to the case, but of all the government agents having a significant role in investigating and prosecuting the offense." *Gardner,* 126 Idaho at 433, 885 P.2d at 1149. *See also Kyles v. Whitley,* 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995) (concluding that "the individual prosecutor has a duty to learn of any favorable evidence known to others *acting on the government's behalf in the case,* including the police") (emphasis added). In Gardner, we concluded that the state had an obligation to disclose an eye witness's statement taken at the scene of an accident by a police officer even though the prosecuting attorney had no actual knowledge of the existence of the statement. *Gardner,* 126 Idaho at 433, 885 P.2d at 1149. However, a prosecutor is not required to disclose evidence the prosecutor does not possess or evidence of which the prosecutor could not reasonably be imputed to have knowledge or control. *Avelar,* 132 Idaho at 781, 979 P.2d at 654. In *Avelar,* the Idaho Supreme Court noted that information held in the minds of government witnesses is gen-

erally not imputed to the prosecution unless that information was discovered by the police or prosecution. *Id.*

In this case, the record does not reflect that the FBI played any role in investigating or prosecuting Queen's case. Therefore, although the information regarding Cline's prior felonies may have been available to the FBI, there was no *Brady* violation by the state. Furthermore, although Cline was certainly aware of his own prior felony convictions, that does not create a *Brady* violation.

In addition to asserting that the NCIC database is maintained by the state, Queen contends that the information the NCIC database contains regarding a potential witness's prior out-of-state felony convictions is available only to the state. However, Queen has not provided any evidence to support that proposition. The testimony adduced at Queen's post-conviction hearing regarding the state's access to that information clarifies when access is available. At the hearing on Queen's post-conviction application, the following exchange occurred:

> [Prosecutor]: And, [defense counsel], are you aware that the state's access to the National Crime Data System is specifically restricted to defendants who've been charged in pending crimes and that the system cannot be used to just generally run individuals who may be a witness in the case. Were you aware of that?
>
> [Defense counsel]: I have no knowledge of that.

Queen presented no evidence demonstrating that the state could have obtained the information regarding Cline's prior out-of-state felony convictions using the NCIC database.

In addition, several jurisdictions have concluded that the due process requirements imposed by *Brady* do not place an affirmative duty on the prosecution to seek out information for the defense. *See Lovitt v. True,* 403 F.3d 171, 185–86 (4th Cir.2005)

find out." Therefore, the state's argument regarding estoppel is specious because Queen only stipulated that the state had no actual knowledge. He expressly asserted that he was not stipulating that the state had no duty to find the information regarding Cline's prior felony convictions and then disclose it.

(holding that the duty imposed by *Brady* did not cross jurisdictional lines); *United States v. Romo,* 914 F.2d 889, 898 (7th Cir.1990) (noting that prosecutors are not usually required to seek out information not in their possession); *Taus v. Senkowski,* 293 F.Supp.2d 238, 246 (E.D.N.Y.2003) (holding that the district attorney cannot be deemed to have constructive possession, nor is it appropriate to impute knowledge, of an FBI report when there was no cooperation between those governmental agencies in that case); *Sears v. State,* 268 Ga. 759, 493 S.E.2d 180, 184 (1997) (concluding that "the state is not required to provide to the defense the confidential out-of-state juvenile records of a state witness, when those records are not a part of the state's file" and even if that information is more accessible by the state); *People v. Sanchez,* 257 A.D.2d 451, 451, 683 N.Y.S.2d 524 (N.Y.App.Div.1999) (affirming no *Brady* violation where a "14–year–old out-of-State misdemeanor conviction record of the complainant was not in the People's possession at the time of trial" and concluding that "they were not required to affirmatively seek it out").

Although we acknowledge that there is some authority to the contrary, a conclusion that *Brady* does not place an affirmative duty on the state to seek out information for the defense is consistent with Idaho law. *See State v. Bryant,* 127 Idaho 24, 28, 896 P.2d 350, 354 (Ct.App.1995) (noting that the state does not have a general duty to gather evidence for the accused). Therefore, we conclude that the state did not violate Queen's due process rights pursuant to the requirements of *Brady* by failing to discover and disclose evidence of Cline's prior out-of-state felony convictions.[2]

### IV.

### CONCLUSION

Queen failed to show at his post-conviction hearing that the state violated I.C.R. 16(b)(6). Further, the state did not violate

2. Because we conclude that neither I.C.R. 16 nor Queen's due process rights were violated, we decline to address the state's argument that Queen failed to demonstrate that the evidence of Cline's prior out-of-state felony convictions would have been admissible. Likewise, we decline to address Queen's argument that the district court applied the wrong standard in determining Queen was not prejudiced by the lack of disclosure.

Queen's due process rights pursuant to *Brady.* Accordingly, the district court's order dismissing Queen's post-conviction application is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge LANSING, concur.