# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35987

| | | |
|---|---|---|
| **BRENT N. TORTOLANO,** | ) | 2010 Unpublished Opinion No. 563 |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: July 26, 2010** |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment denying post-conviction relief, <u>affirmed</u>.

Brent N. Tortolano, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Brent N. Tortolano appeals the denial of his petition for post-conviction relief. He argues on appeal that his trial counsel was ineffective for failing to investigate Tortolano's mental health history, failing to ensure that he was receiving proper medication, and failing to make him aware of all aspects of his case and the seriousness of his situation. We affirm.

## I.

## BACKGROUND

Following a jury trial, Tortolano was convicted of second degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003, and sentenced to thirty years incarceration, with twenty years fixed. Tortolano, through counsel, filed a timely petition for post-conviction relief. He alleged that his trial counsel was ineffective for failing to investigate Tortolano's mental health history, failing to ensure Tortolano received his prescribed medications before and during trial, and failing to advise Tortolano of all aspects of plea agreements offered by the State and assist Tortolano in weighing the benefits of a plea agreement against the risk of going to trial.

1

Tortolano argued that but for these alleged deficiencies, he would have pled guilty and received a lesser sentence. Tortolano also argued that he was not able to assist in his defense at trial because his counsel did not ensure he was receiving his prescribed medications. After an evidentiary hearing, the district court denied the post-conviction petition, holding that Tortolano had not established that his trial counsel had acted deficiently or that he had suffered any prejudice. Tortolano now appeals, pro se, the district court's denial, relying on the same arguments that his counsel made below.

## II.

## DISCUSSION

At the evidentiary hearing on Tortolano's post-conviction petition, Tortolano's mother testified that he had been diagnosed with bi-polar disorder and is irrational and unable to make intelligent decisions when not taking his medication. Tortolano then testified that he had not been receiving his bi-polar medication while incarcerated either prior to or during his trial. He stated that this resulted in him not being able to understand all the "ramifications" and the "pluses and minuses" of the three plea agreements offered by the State. However, he also inconsistently testified that he understood the terms of the plea agreements but rejected them because he did not like the idea of a non-binding plea, did not want such a long period of incarceration before he could be eligible for parole, and was confused concerning the State's motivation behind the plea agreement. He also admitted that counsel informed him that the final plea agreement offer was a good deal, that he did not have a strong case, and that if he went to trial and lost he could get a longer fixed sentence than that offered by the State. Tortolano also agreed that he had understood where he was and what was going on around him even though he was not taking medication.

Tortolano's criminal defense attorney also testified at the evidentiary hearing. He stated that through conversations with Tortolano, Tortolano's mother, another attorney defending Tortolano in a different case, jail personnel, and information from Tortolano's hospital records, the attorney made himself aware of Tortolano's mental health history but came to the conclusion that Tortolano was not mentally deficient without bi-polar medication such that he could not comprehend the nature of his case or assist in his own defense. Because Tortolano informed his trial counsel that he had not been taking medication for at least two years and never gave any indication that he was unable to comprehend or assist counsel, counsel did not see a need to

2

intercede in the jail's handling of Tortolano's medication situation. Counsel further testified that he explained the State's potential motivations to Tortolano, but that Tortolano rejected the State's plea offers because the period of incarceration was too long.

Based on this evidence, Tortolano argues that the district court erred in denying his petition because he showed that his counsel was deficient and that Tortolano suffered prejudice.

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations upon which the request for post-conviction relief is based by a preponderance of the evidence. I.C. § 19-4907; *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Boman v. State*, 129 Idaho 520, 525, 927 P.2d 910, 915 (Ct. App. 1996); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen v. State*, 146 Idaho 502, 504, 198 P.3d 731, 733 (Ct. App. 2008); *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen*, 146 Idaho at 504, 198 P.3d at 733.

To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Suits*, 143 Idaho at 162, 139 P.3d at 764. Bare assertions and speculation, unsupported by specific facts, do not make out a prima facie case for ineffective assistance of counsel. *Roman v. State*, 125 Idaho 644, 649, 873 P.2d 898, 903 (Ct. App. 1994).

Tortolano has not shown that his attorney was deficient. Tortolano's attorney testified that he did in fact investigate Tortolano's mental health issues after being made aware of them by Tortolano and Tortolano's mother. Although Tortolano's mother indicated that counsel did not question Tortolano's most recent doctor, there was sufficient investigation between counsel questioning Tortolano's other attorney, questioning jail personnel, and reviewing Tortolano's hospital records, to support the trial court's finding that counsel's investigation did not fall below an objective standard of reasonableness. Counsel's failure to intercede in the jail personnel's handling of Tortolano's medication situation was a product of this investigation, counsel's own observations that Tortolano was able to comprehend and assist counsel, and Tortolano's own admissions to counsel that Tortolano had not been taking medications for two years. Counsel's decision, based on these circumstances, was not shown to be unreasonable. Furthermore, Tortolano's own testimony contradicts his claims that counsel did not advise Tortolano of all aspects of the plea agreements and the risks of going to trial. Tortolano admits that counsel warned him he could receive more jail time if he was convicted after a trial than if he accepted the State's plea deal, that counsel told him his case was not strong, and that he understood the proffered plea agreement terms. Tortolano takes issue with counsel allegedly not informing him of the State's motivations concerning the plea agreements, specifically why the prosecutor was unwilling to remove a weapons enhancement. However, Tortolano's counsel testified that he did explain this motivation to Tortolano--that the State wanted to place Tortolano on a longer period of parole. Regardless, failing to speculate with a defendant concerning the potential motivations behind a plea offer when the defendant has been advised of the terms, risks, and benefits of such a plea agreement, does not fall below an objective standard of reasonableness. Therefore, Tortolano has not shown that his attorney's conduct was deficient.

Because Tortolano did not show that his attorney's performance was deficient, we affirm the district court's denial of Tortolano's post-conviction petition. No costs or attorney fees on appeal.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

4