IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36547

| THOMAS HALBESLEBEN, | ) | 2010 Unpublished Opinion No. 635 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Thomas Halbesleben, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

Thomas Halbesleben appeals from the district court's dismissal of his petition for post-conviction relief. We affirm.

## I.

## BACKGROUND

Halbesleben pleaded guilty to three counts of injury to a child, Idaho Code § 18-1501(1), and was sentenced to consecutive unified terms of ten years with five years fixed, making the aggregate term thirty years with fifteen years fixed. Subsequently, he filed a pro se petition for post-conviction relief alleging that his guilty plea was "not made with adequate knowledge" and was not voluntary, that his counsel was ineffective, that the State engaged in prosecutorial misconduct, and that the court engaged in "judicial misconduct" or abused its discretion. The State filed an answer and a motion to dismiss. Through newly appointed post-conviction

1

counsel, Halbesleben filed an amended post-conviction petition alleging various grounds for ineffective assistance of counsel[1] and withdrawing all other claims from the post-conviction action. In the amended petition Halbesleben requested that the district court vacate his judgment of conviction and allow Halbesleben to withdraw his guilty plea so that he could proceed to trial. The State again filed an answer and moved to dismiss.

The district court entered an order partially granting summary dismissal of some of Halbesleben's ineffective assistance of counsel claims unless he provided specific facts supporting the claims within ninety days of the order. Halbesleben filed an affidavit in support of the claims. At the start of the evidentiary hearing the court initially summarily dismissed the ineffective assistance of counsel claims relating to an alleged failure to advise Halbesleben of his "rights or options regarding the proceedings" and lack of access to discovery materials, but then decided to allow an evidentiary hearing on all Halbesleben's claims. After the hearing, the court denied Halbesleben's post-conviction petition.

Halbesleben now appeals pro se the denial of his petition. Halbesleben lists three issues for appeal: whether the court erred in "denying to 'talk about' certain claims in Petitioner's post-conviction evidentiary hearing"; whether the district court erred in denying his post-conviction claims; and whether the district court erred in finding that the State's witness, Craig Steveley, one of Halbesleben's trial attorneys, was credible. As the second issue encompasses the third issue, this Court will address them together.

---

[1]    These grounds included that counsel failed to adequately advise Halbesleben of the nature surrounding the criminal proceedings, failed to properly advise him of the discovery and evidence against him, failed to file motions or otherwise defend against the allegations, failed to spend adequate time with Halbesleben so as to adequately inform him and allow him to assist in the preparation of his case and defense, failed to subpoena or produce favorable witnesses on his behalf, failed to appropriately object to improper statements by the prosecuting attorney, failed to object to the prosecuting attorney's discussions of and reference to dismissed charges and allegations, coerced him into pleading guilty even though he wanted to go to trial, failed to properly object to information in the PSI, failed to present mitigating evidence at sentencing, failed to adequately raise mental health issues at sentencing, and failed to object to the court proceeding to sentencing without abiding by the statutory requirements of I.C. § 19-2522.

2

## II.

## DISCUSSION

**A.      All Claims Except Ineffective Assistance of Counsel Were Expressly Withdrawn**

Halbesleben argues that the district court erred in not hearing evidence at the post-conviction evidentiary hearing concerning prosecutorial misconduct and errors by the district court at sentencing.  This argument is not supported by the record as these claims, indeed all claims other than those relating to ineffective assistance of counsel, were withdrawn by the amended petition as stated by Halbesleben's counsel at the February 13, 2008, hearing. Accordingly, these other claims were not at issue during the hearing and there could be no error on this basis.

**B.      The District Court Did Not Err in Denying Halbesleben's Post-conviction Claims**

Halbesleben argues that the court erred in determining that Steveley was credible. Halbesleben also reiterates his stated grounds for post-conviction relief in his appellate brief. Specifically, Halbesleben states that:  he did not have knowledge of the contents of the PSI, he was denied access to discovery, and he was coerced into pleading guilty.[2]  Although not expressly stated, it appears that Halbesleben is attempting to argue that the district court erred in finding he had not supported these claims.

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations upon which the request for post-conviction relief is based by a preponderance of the evidence.  I.C. § 19-4907; *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999).  When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous.  I.R.C.P. 52(a); *Boman v. State*, 129 Idaho 520, 525, 927 P.2d 910, 915 (Ct. App. 1996); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990).  The credibility of the witnesses, the weight to

---

[2]      Halbesleben also argues that the district judge erred in presiding over his case because the judge was also presiding over his ex-wife's case, and in not allowing the discussion of his children's molestation while they were in foster care as this was mitigating evidence.  As stated in Section A, all claims other than ineffective assistance of counsel were expressly withdrawn and therefore were not made to, or ultimately addressed by, the district court.  As these arguments were not raised below they will not be addressed for the first time on appeal.  *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen v. State*, 146 Idaho 502, 504, 198 P.3d 731, 733 (Ct. App. 2008); *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen*, 146 Idaho at 504, 198 P.3d at 733.

To prevail on an ineffective assistance of counsel claim in a post-conviction action, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Suits*, 143 Idaho at 162, 139 P.3d at 764. Bare assertions and speculation, unsupported by specific facts, do not make out a prima facie case for ineffective assistance of counsel. *Roman v. State*, 125 Idaho 644, 649, 873 P.2d 898, 903 (Ct. App. 1994).

We hold that the district court's decision, that Halbesleben failed to support his claims after the opportunity for an evidentiary hearing, was not clearly erroneous. As stated in *Dunlap*, *Queen*, and *Larkin*, credibility is a determination for the trial court, and the district court here did not err in holding that Steveley's recollection and testimony was more credible than Halbesleben's. Steveley testified that Halbesleben was forwarded all discovery received and that counsel went over it with Halbesleben, who in turn stopped discussing witnesses for trial and started discussing getting the best plea deal. Steveley also stated that Halbesleben was given a copy of the PSI. Steveley testified that he never coerced Halbesleben into pleading guilty and discussed all the ramifications of the plea agreement with Halbesleben extensively before Halbesleben pleaded guilty. As stated by the district court, Steveley's version of events was clear, specific, detailed, and well-documented with notes in his file. Halbesleben's testimony on the other hand was vague and often contradictory. For example, in support of his claim that counsel did not inform him of the circumstances and consequences of his plea agreement,

4

Halbesleben testified that he had not met with his counsel on the day he pleaded guilty prior to his plea, but when informed that security cameras could show a meeting with counsel he recanted, stating that he did meet with his attorneys but that they did not discuss the plea deal. He also testified on direct that he had not received certain reports before his guilty plea that could have proven him innocent, but then recanted this testimony when he was reminded that he had already testified on direct that he had received those reports prior to pleading guilty. Because we do not find error in the court's holding that counsel was more credible than Halbesleben, and because Halbesleben's claims of ineffective assistance of counsel were supported solely by Halbesleben's testimony, which was rebutted by counsel's testimony to the contrary, we hold that the district court did not err in finding that Halbesleben failed to prove his allegations of ineffective assistance of counsel.

### III.

### CONCLUSION

Halbesleben has failed to show that the district court erred in denying his petition for post-conviction relief. The order of dismissal is therefore affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**