IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37480

| DON KELLY COLE, | ) | 2011 Unpublished Opinion No. 335 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 27, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Adams County. Hon. Ron Schilling, District Judge; Hon. Gregory F. Frates, Magistrate.

District court decision affirming magistrate court's denial of post-conviction relief, <u>affirmed</u>.

Don Kelly Cole, Council, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Don Kelly Cole appeals pro se from the district court's decision affirming the magistrate court's denial of Cole's petition for post-conviction relief.

## I.

## BACKGROUND

The facts giving rise to Cole's underlying conviction were described in this Court's decision on his appeal from that judgment. *State v. Cole*, Docket No. 34525 (Ct. App. Aug. 25, 2008) (unpublished). On the day in question, Cole wanted to go fishing with his son. Cole and his wife, Vicki, had been in an ongoing fight and so to prevent her from following, Cole disabled Vicki's vehicle. Vicki called a mechanic but Cole instructed the mechanic not to fix it. In retaliation, Vicki attempted to disable Cole's truck. She hit a side wing window on the door of the truck with her hand so she could reach through, unlock the door, pop the hood latch and

disconnect the pickup's wires. When she was unsuccessful, Vicki picked up a rock to throw at the truck, telling Cole to fix her vehicle or she would disable his with the rock. Cole defended his truck by placing himself between it and Vicki. Vicki threw the rock past Cole's head and broke the windshield, and she later hit the truck again with another rock.

The couple's son called the police. When the officers arrived, Cole was sitting on Vicki's back, pinning her arm behind her. Cole admitted to pushing Vicki during the alteration and holding her by the neck area at one point. The officers observed that Vicki had injuries including a large scrape on her right shoulder, bruises on her arms, and redness around her neck.

The officers informed Cole that they were going to arrest him for domestic battery. Cole refused to be arrested due to his belief that he was acting legally in defending his truck. Wanting to avoid a physical altercation, the officers attempted to talk Cole into complying but Cole walked away from the officers and up a hill. After more unsuccessful attempts to talk Cole into compliance, the officers left.

Cole later appeared in court in response to a summons. He was charged with two misdemeanors, domestic battery, Idaho Code § 18-918, and resisting and obstructing officers, I.C. § 18-705. A jury acquitted him of domestic battery but convicted him of resisting and obstructing an officer.

Cole's conviction was upheld by this Court on appeal. *State v. Cole*, Docket No. 34525 (Ct. App. Aug. 25, 2008) (unpublished). In that opinion we addressed Cole's assertion that the trial court erred by refusing to give a proposed jury instruction that stated:

> The Defendant has the right to resist without violence an officer who conducts an unlawful arrest, detention and or criminal investigation.
> The Court further instructs you if the arrest is unlawful, the Defendant has the right to resist, obstruct or oppose without violence such unlawful arrest.

*Id*. We determined that the trial court was not required to give the requested instruction because the subject matter had been sufficiently covered by other instructions given to the jury. *Id*. The jury was instructed that in order to convict Cole, they must find that "he willfully resisted and obstructed the officer '[i]n the discharge, or attempt to discharge, of any *duty* of [the officer's] office.' (Emphasis added.) The jury was further instructed that '[t]he word 'duty' includes only the lawful and authorized acts of a public officer.'" *Id*. We held that from these instructions Cole was able to, and did, argue that because no probable cause existed to arrest him, the officer's attempted arrest was unlawful and therefore his peaceful resistance could not be found

2

to have been illegally resisting and obstructing. *Id.* We further determined that there was sufficient evidence that the officers had probable cause to arrest Cole. Specifically, we held that the officers' observation of Cole sitting on his wife's back and pinning her arms behind her, Cole's admission to pushing Vicki and holding her by the neck area, and the officers' observation of physical injuries to Vicki including a scrape and bruising, were sufficient to give the officers probable cause to believe that Cole had committed the crime of domestic battery, warranting an arrest. *Id.*

Cole thereafter filed this action for post-conviction relief, asserting ineffective assistance of counsel. The magistrate court, following an evidentiary hearing, denied Cole's petition. Cole appealed to the district court, which affirmed the magistrate court's decision.

Cole now appeals to this Court. He argues that his counsel was ineffective for failing to take measures at trial to demonstrate to the jury that the police did not have probable cause to arrest Cole, making his arrest unlawful such that he could not have been found guilty of the resisting and obstructing charge.

## II.

## DISCUSSION

Cole's claims of error in the lower courts stem from his belief that because he was defending his property, the truck, he had a valid defense to a domestic violence charge which the police failed to take into account in determining whether there was probable cause to arrest Cole. Cole asserts the police attempted to arrest him based only on the marks on Vicki and no other facts, which Cole argues is not a proper probable cause assessment that takes into account the totality of the circumstances. Cole argues this is evident because the police officers repeatedly referred to a department policy that they were required to make an arrest after being summoned to a domestic violence situation if one of the parties has physical marks of violence. Because the police officers failed to make a valid probable cause assessment on the scene, Cole argues, the attempted arrest was unlawful and his attorney was ineffective for failing to take measures, such as questioning the police witnesses and arguing for jury instructions, that would have brought the unlawfulness of the attempted arrest to the jury's attention.

In an appeal from a decision of the district court rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981). We

examine the record before the magistrate, however, to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id*. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Bradford v. Roche Moving & Storage, Inc.*, 147 Idaho 733, 736, 215 P.3d 453, 456 (2009); *Carter v. Carter*, 143 Idaho 373, 378, 146 P.3d 639, 644 (2006); *Bouten Const. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 761, 992 P.2d 751, 756 (1999).

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations upon which the request for post-conviction relief is based by a preponderance of the evidence. I.C. § 19-4907; *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Boman v. State*, 129 Idaho 520, 525, 927 P.2d 910, 915 (Ct. App. 1996); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the trial court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen v. State*, 146 Idaho 502, 504, 198 P.3d 731, 733 (Ct. App. 2008); *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the lower court's application of the relevant law to the facts. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Queen*, 146 Idaho at 504, 198 P.3d at 733.

To prevail on an ineffective assistance of counsel claim, in a post-conviction action, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id*. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-

4

guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

By Cole's post-conviction action, he simply reiterates the same claims concerning probable cause that we rejected in his direct appeal from the judgment of conviction. As noted above, in the direct appeal this Court held that at the time the officers attempted to arrest Cole, they had probable cause to believe that he had committed the offense of domestic battery. That conclusion could not have been changed even if Cole's attorney had elicited testimony that the officers based their decision to arrest solely upon marks on Vicki. This is so because the probable cause standard is an objective one. *State v. Schwarz*, 133 Idaho 463, 468, 988 P.2d 689, 694 (1999); *State v. Wilson*, 120 Idaho 643, 647, 818 P.2d 347, 351 (Ct. App. 1991). In assessing probable cause, we ask whether the facts available to the officer at the moment of arrest (in this case the attempted arrest) were sufficient to warrant a prudent man in believing that a suspect has committed or is committing an offense. *State v. Hollon*, 136 Idaho 499, 502, 36 P.3d 1287, 1290 (Ct. App. 2001). An officer's subjective beliefs concerning that determination are irrelevant. *Schwarz*, 133 Idaho at 468, 988 P.2d at 694. Thus, regardless of whether the officers arrested solely based on the physical marks of violence, objectively the officers had within their knowledge sufficient facts to support probable cause to arrest Cole. As stated in our prior opinion, the officers observed Cole sitting on his wife's back while pinning her arm behind her, observed physical injuries to Vicki, and heard Cole admit to pushing Vicki and holding her by the neck area. Cole's contention that the officers also had within their knowledge evidence supporting a defense of property claim by Cole does not vitiate probable cause. Probable cause does not require the officers to have sufficient evidence to secure a conviction. *Hollon*, 136 Idaho at 502, 36 P.3d at 1290. As the magistrate judge stated:

> [T]he officers . . . make a choice based on the information before them at the time as to whether they believe [conduct] to be unlawful or not. . . . [Y]ou think an officer has ever heard anybody say I didn't do it or something else happened? . . . [T]he fact that it's been said and there is conflicting information means the officers . . . got to use their discretion as to whether they are going to arrest or not."

The fact that information indicating a possible defense to a crime was known to the officers at the time does not mean that other relevant facts were insufficient to establish probable cause. As

we held in our prior opinion, the officers here possessed probable cause to believe that Cole had committed domestic battery against Vicki, regardless of any damage the officers observed to Cole's truck.

It follows that Cole has not shown either deficient performance by his attorney or prejudice from the alleged deficiency. Even had Cole's attorney done more to bring to light the officers' subjective belief that no matter what other circumstances were present, they had to arrest Cole solely because they observed physical injuries to Vicki, it is apparent that the outcome of the trial would not have changed since other facts known to the officers established probable cause.

Likewise, Cole's claim of ineffective assistance regarding jury instructions fails. As we stated in our prior opinion, the jury was sufficiently instructed on the law regarding unlawful arrests as it related to Cole's guilt or innocence of the resisting and obstructing charge. Therefore, Cole cannot have been prejudiced by counsel's alleged failure to propose another instruction for subject matter that had already been sufficiently covered. And, because the jury was properly instructed, Cole has not shown that the outcome of the trial would have been affected by a different jury instruction.

The district court's decision affirming the magistrate court's judgment denying Cole's petition for post-conviction relief is affirmed. Costs to respondent.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**