COMMONWEALTH *vs.* JOSE GONZALES. November 5, 1984. *Practice, Criminal,* Instructions to jury, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

On December 1, 1972, a jury convicted Gonzales of unlawful distribution of heroin (G. L. c. 94C, §§ 31, 32). This was three days before the decision in *Commonwealth* v. *Bumpus*, 362 Mass. 672, 681-682 & n.1 (1972),[1] and the trial judge, as was then the mode, illustrated the meaning of reasonable

---

[1] Judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974), on petition for writ of habeas corpus, *Bumpus* v. *Gunter*, 452 F. Supp. 1060 (D. Mass. 1978), denial of writ aff'd, 635 F.2d 907 (1st Cir. 1980), cert. denied, 450 U.S. 1003 (1981).

doubt with a few examples of grave decisions that the jurors might make in their personal lives. The defendant urges that the charge trivialized the idea of reasonable doubt. See *Commonwealth* v. *Ferreira,* 373 Mass. 116, 129 (1977), and cases cited. He also argues a misallocation of burden of proof and ineffective assistance of counsel. We affirm.

(1) *The reasonable doubt charge.* The instructions given are practically identical with those found acceptable in *Commonwealth* v. *Smith,* 381 Mass. 141, 143-146 & n.1 (1980). Indeed, they were given by the same Superior Court judge as sat in the *Smith* case. Contrast *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 128-134 (1984), and see our opinion published this day in *Commonwealth* v. *Kelleher, post* 981 (1984), in which the charge, we concluded, fell in the *Rembiszewski* category. The distinguishing characteristic of the charge here, as in *Smith,* is that the emphasis at the beginning and the end of discussion of reasonable doubt is on moral certainty and the gravity of the jury's decision. The excursion into life illustrations was brief and, even as to those illustrations, the judge took some trouble to caution the jury that he meant to exclude from the analogy decisions lightly arrived at.

(2) *Shift of burden of persuasion.* In view of the lack of contest by the defense of the admission in evidence of the drugs or the certificate (see G. L. c. 111, § 13, as amended by St. 1943, c. 331, § 2) presenting an analysis of what the drugs contained and the concession implicit in the defenses of alibi and entrapment that the substance in question was, indeed, heroin, any error in the charge (proper in 1972) that prima facie evidence[2] is "presumed to be correct in the absence of some evidence to the contrary" was harmless beyond a reasonable doubt. Those instructions, therefore, did not transgress the principle set forth in *Sandstrom* v. *Montana,* 442 U.S. 510, 524 (1979), and *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 252-254 & n.12 (1980). See and compare *Connecticut* v. *Johnson,* 460 U.S. 73, 84-87 (1983). Contrast *Commonwealth* v. *Crawford, ante* 911, 912 (1984).

(3) *Ineffective assistance of counsel.* The entrapment defense was not necessarily inconsistent with the alibi defense. It was in the nature of an alternative string to the defense bow, and may have been added by defense counsel on the basis of an appraisal that the defense case based on alibi had not gone well. If nothing else, offering an entrapment theory could have sowed an additional seed of reasonable doubt. Assuming, without so deciding, that it was a mistake to ask for an entrapment charge, we do not think it was such a misjudgment that the conduct of defense counsel fell measurably below what might be expected from an ordinary fallible lawyer. *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). Here defense counsel did not abandon a valid defense raised on the defendant's behalf, as occurred

---

[2] General Laws c. 111, § 13, provides that a properly executed certificate by an analyst of the Department of Public Health shall be prima facie evidence of the composition of the substance analyzed.

in *Commonwealth* v. *Westmoreland,* 388 Mass. 269, 272-275 (1983). Nor did defense counsel imply disbelief of his client's testimony, as was the case in *Commonwealth* v. *Sarvela,* 16 Mass. App. Ct. 934, 934-935 (1983).

*Judgment affirmed.*

*Lisa J. Stephani* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

1. The defendant's case was tried before the decision in *Commonwealth* v. *Bumpus,* 362 Mass. 672 (1972), judgment vacated and remanded on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974), on petition for writ of habeas corpus, *Bumpus* v. *Gunter,* 452 F. Supp. 1060 (D. Mass. 1978), denial of writ aff'd, 635 F.2d 907 (1st Cir. 1980), cert. denied, 450 U.S. 1003 (1981). Because no appeal was taken from the convictions, his amended motion for a new trial was the first occasion on which he raised the issue that the judge's instructions explaining the meaning of proof beyond a reasonable doubt trivialized that standard because they improperly referred to examples of decisions in the jurors' own lives. Contrast *Commonwealth* v. *Grace,* 381 Mass. 753 (1980) (case tried after *Bumpus* decision), with *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 126-128 (1984) (where defendant did not have a "genuine opportunity" to raise a constitutional issue at trial or on direct appeal because the law had not sufficiently developed on this issue, he was entitled to "review in the regular course"). As the judge who heard the motion "consider[ed], in the context of a motion for a new trial, issues previously lost for appeal, those issues are resurrected and preserved for appellate review as if brought on direct appeal." *Commonwealth* v. *Buckley,* 17 Mass. App. Ct. 373, 374 (1984).