139 P.3d 762

**Charles Wesley SUITS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 31444.

Court of Appeals of Idaho.

April 11, 2006.

Review Denied July 18, 2006.

Andrew Parnes, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent. Ralph R. Blount argued.

PERRY, Chief Judge.

Charles Wesley Suits appeals from the district court's order denying his application for post-conviction relief following an evidentiary hearing. We affirm.

## I.

## FACTS AND PROCEDURE

Suits was an osteopathic physician. After a friend of Suits's was accused of violating her probation, the friend informed police that she and Suits used methamphetamine together and that Suits provided her with prescriptions for Vicodin, which she sold on the street. The friend agreed to assist police in apprehending Suits in exchange for leniency regarding her probation violation. In December 1998, the friend arranged for Suits to provide a Vicodin prescription to an undercover officer in exchange for methamphetamine. In the parking lot of the hospital where Suits worked, Suits gave a Vicodin prescription to the undercover officer and the officer gave Suits a baggie containing methamphetamine. Suits was arrested and charged with possession of a controlled substance.

At trial, the state introduced audio recordings of conversations between Suits, his friend, and the undercover officer. Suits asserted that those recordings had been altered to make it appear like he had committed a crime when he had not. Suits contended that he wrote a prescription to the undercover officer for the purpose of medical treatment and was unaware that the officer had given him methamphetamine. A jury found Suits guilty. The district court sentenced Suits to a unified term of three years, with a minimum period of confinement of eighteen months. The district

court suspended the sentence and placed Suits on probation for three years. In 2002, this Court affirmed Suits's judgment of conviction in an unpublished opinion. *State v. Suits,* Docket No. 26663, 138 Idaho 125, 58 P.3d 109 (Ct.App.2002).

In June 2003, Suits filed an application for post-conviction relief alleging that he received ineffective assistance of trial counsel. Suits contended that counsel erroneously advised him that, in order to utilize an entrapment defense, he would have to admit possessing methamphetamine. At Suits's trial, two attorneys represented him. At the time of the evidentiary hearing held on Suits's application for post-conviction relief, the attorney who had acted as lead trial counsel was deceased. The second attorney, Suits, and an attorney with whom Suits consulted prior to trial testified at the evidentiary hearing. The district court concluded that Suits's defense counsel did not unreasonably interpret the law of entrapment. The district court also found Suits's conspiracy defense was inconsistent with a defense of entrapment and, thus, Suits failed to demonstrate that he suffered any prejudice from trial counsel's failure to request an entrapment jury instruction. The district court therefore denied Suit's application for post-conviction relief. Suits appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State,* 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State,* 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State,* 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). We exercise

free review of the district court's application of the relevant law to the facts. *Nellsch v. State,* 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell,* 118 Idaho at 67, 794 P.2d at 656; *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994).

### III.

### ANALYSIS

■ Suits contends that his trial counsel erroneously concluded Suits was required to admit committing the elements of possession of methamphetamine, including that he knew he possessed the methamphetamine, as a prerequisite to claiming that he was entrapped. Suits urges that counsel's erroneous conclusion led them to perform incompetently by failing to request an entrapment jury instruction. Suits also contends that he suffered prejudice as a result of counsel's deficient performance because the evidence at trial supported a defense of entrapment and, thus, had the jury been instructed on the law of entrapment there was a reasonable possibility Suits would have been found not guilty.

■ A defendant cannot be convicted of a crime he or she was entrapped into committing. *State v. Canelo,* 129 Idaho 386, 391, 924 P.2d 1230, 1235 (Ct.App.1996); *State v. Mata,* 106 Idaho 184, 186, 677 P.2d 497, 499 (Ct.App.1984). Historically, under the subjective test, the entrapment defense has been grounded upon the principle that, where criminal intent is an element of an offense, such intent must originate in the defendant's mind. *Mata,* 106 Idaho at 186, 677 P.2d at 499. Thus, entrapment occurs when an otherwise innocent person, not inclined to commit a criminal offense, is induced to do so by a state agent who, desiring grounds for prosecution, originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense. *Canelo,* 129 Idaho at 391, 924 P.2d at 1235; *State v. Kopsa,* 126 Idaho 512, 519, 887 P.2d 57, 64 (Ct.App.1994). There is a distinction however, between originating the idea to commit the crime and merely furnishing the opportunity to commit it. *Kopsa,* 126 Idaho at 519, 887 P.2d at 64; *Mata,* 106 Idaho at 186, 677 P.2d at 499. Furnishing the opportunity is not entrapment but, rather, a legitimate means to ferret out crime. *Canelo,* 129 Idaho at 392, 924 P.2d at 1236; *Kopsa,* 126 Idaho at 519, 887 P.2d at 64; *Mata,* 106 Idaho at 186, 677 P.2d at 499.

Although it was once generally accepted that a defendant who denied perpetrating a crime could not alternatively rely on the subjective entrapment defense, that approach has eroded over time. *State v. Buendia,* 121 N.M. 408, 912 P.2d 284, 287 (Ct.App.1996). The United States Supreme Court held that, even if a federal criminal defendant denies one or more elements of the crime, he or she is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment. *See Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Some courts have reasoned that it is not necessarily inconsistent to introduce evi-

dence showing the defendant did not commit the unlawful acts or did not commit them with the requisite unlawful intent, in addition to evidence that he or she lacked criminal predisposition and that there was inordinate government inducement. *See Strong v. State*, 591 N.E.2d 1048, 1051–52 (Ind.Ct.App. 1992); *Buendia*, 912 P.2d at 289. Thus, in line with *Mathews*, many state courts have concluded that, if a defendant disputes the particulars of the crime or having the requisite intent, he or she is not precluded from presenting an entrapment instruction to the jury. *Buendia*, 912 P.2d at 288; *see also State v. Rokos*, 771 So.2d 47, 48–49 (Fla.Dist. Ct.App.2000); *Strong*, 591 N.E.2d at 1051–52; *Commonwealth v. Tracey*, 416 Mass. 528, 624 N.E.2d 84, 88 (1993); *Hopson v. State*, 625 So.2d 395, 399–400 (Miss.1993).

Nevertheless, the *Mathews* decision did not rest on constitutional grounds and is not binding on the states. *State v. Soule*, 168 Ariz. 134, 811 P.2d 1071, 1072 (1991); *Buendia*, 912 P.2d at 288. Courts have commented that it is both factually and legally inconsistent for a defendant to deny committing the offense and then to assert as a defense that he or she committed the offense, but only because of incitement or inducement by authorities. *See St. Jean v. State*, 255 Ga.App. 129, 564 S.E.2d 534, 536 (2002); *People v. Arndt*, 351 Ill.App.3d 505, 286 Ill.Dec. 754, 814 N.E.2d 980, 990 (2004). Further, to allow inconsistent defenses can foster perjury and confuse the jury. *Soule*, 811 P.2d at 1073. Accordingly, some courts have rejected *Mathews* and continue to require that a defendant admit committing the offense with which he or she is charged before being permitted to submit an entrapment instruction to the jury. *See Soule*, 811 P.2d at 1073–74; *Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323, 325 (1999); *People v. Hendrickson*, 45 P.3d 786, 791 (Colo.App.2001); *People v. Cooper*, 239 Ill.App.3d 336, 179 Ill.Dec. 873, 606 N.E.2d 705, 715 (1992).

At the evidentiary hearing held on Suits's application for post-conviction relief, Suits's second attorney testified that he and the lead attorney were frequently at odds on many points in the case, including the issue of entrapment. The second attorney indicated that he was unaware of what research the lead attorney had conducted. However, the second attorney conducted his own research on entrapment law, including this Court's decision in *Mata*, the California Supreme Court's decision in *People v. Barraza*, 23 Cal.3d 675, 153 Cal.Rptr. 459, 591 P.2d 947 (1979),[1] and Justice Bistline's dissent in *State v. Hansen*, 105 Idaho 816, 673 P.2d 416 (1983), in which he discusses various entrapment decisions including the *Barraza* decision. Based on this research, the second attorney concluded that the lead attorney was probably correct and Suits was required to admit the elements of possession in order to raise an entrapment defense.

Idaho courts have not explicitly held whether this state permits a defendant to deny some or all of the elements of an offense while still claiming entrapment. Nevertheless, Suits contends that trial counsel's conclusion was based on ignorance of the law because, had counsel reviewed *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975), counsel would have realized that Idaho does not require a defendant to admit all the elements of an offense before being permitted to raise an entrapment defense. Suits notes that the defendant in *Tucker* raised an entrapment defense notwithstanding his denial of engaging in some of the conduct charged by the state. However, in *Tucker*, the pertinent issue was whether the trial court should have determined whether the defendant was entrapped as a matter of law, rather than submitting the issue to the jury. *Tucker* involves no discussion of inconsistent

---

1. In *Barraza*, the California Supreme Court adopted an objective theory of entrapment, which considers whether the conduct of a law enforcement agent was likely to induce a normally law-abiding person to commit the offense. *See Barraza*, 153 Cal.Rptr. 459, 591 P.2d at 955. In contrast to the subjective test used in Idaho, under the objective test, the character of the suspect, his or her predisposition to commit the offense, and his or her subjective intent are irrelevant. *See id.* at 956. The rule prohibiting a defendant from claiming entrapment if he or she denies committing the offense is generally not applied in jurisdictions using the objective test because objective entrapment concerns only the nature of the government's actions and whether they were improper. *Buendia*, 912 P.2d at 287.

defenses and the Court did not consider whether the defendant's denial barred him from asserting entrapment. Instead, because the law as it existed at the time of the defendant's trial[2] permitted either the trial court or the jury to decide entrapment, the Court concluded that the trial court did not err by submitting the entrapment question to the jury. *Tucker*, 97 Idaho at 13, 539 P.2d at 565. The Court remanded for consideration of the defendant's ineffective assistance of counsel allegations, including his allegation that trial counsel performed ineffectively by failing to ask the trial court to decide the entrapment issue. *Id.* Therefore, contrary to Suits's assertion, *Tucker* does not stand for the proposition that, where a defendant denies commission of the offense, he or she may nevertheless present what may appear to be an inconsistent defense of entrapment.

Suits also alleges that it was unreasonable for trial counsel to conclude the inconsistent defenses rule applied in Idaho because Idaho Criminal Jury Instruction 1513 does not indicate a defendant must admit all elements of an offense before requesting an entrapment instruction.[3] However, there are countless ways to provide effective assistance in any given case and even the best criminal defense attorneys would not defend a particular client in the same way. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regardless of whether inconsistent defenses could have reasonably been argued in Suits's trial, it was not professionally unreasonable to conclude that, in the absence of definitive authority, Idaho applied the general rule that Suits must necessarily admit committing an offense before he could claim entrapment.

Furthermore, following Suits's trial the Idaho Supreme Court noted in *Suits v. Idaho Bd. of Professional Discipline*, 138 Idaho 397, 64 P.3d 323 (2003), that Suits was not in a position to assert the entrapment defense because he had not admitted committing the underlying offense and his defense that the crime did not happen was inconsistent with his claim that he was entrapped into committing it. Citing to *Mata*, the Court indicated an entrapment defense necessarily implies that a defendant admits to engaging in the criminal acts. *Suits*, 138 Idaho at 400, 64 P.3d at 326. The Court thus concluded that it did not need to decide whether Suits could raise the entrapment defense as a shield in the disciplinary proceeding for suspension of his license to practice medicine. *Id.* We are constrained to follow the Supreme Court's indication in *Suits* that Idaho follows the rule prohibiting inconsistent defenses. Therefore, we conclude that Suits' deficient performance allegation must fail because the advice given by Suits's counsel was later determined to be correct.

█ We also note that the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons rather than through sheer neglect. *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). Here, Suits consistently denied having any knowledge of the methamphetamine. At the hearing held on Suits's application for post-conviction relief, the second attorney testified that he agreed to represent Suits because of his belief it was unlikely Suits had knowingly possessed methamphetamine.

**2.** At the time of the defendant's trial, the Penal and Correctional Code, which provided a defendant the option of presenting an entrapment issue to either the court or the jury, was in effect. *Tucker*, 97 Idaho at 13, 539 P.2d at 565. At the time of the Idaho Supreme Court's opinion in *Tucker*, the Penal and Correctional Code had been repealed. *See id.*

**3.** Idaho Criminal Jury Instruction 1513 indicates that law enforcement entraps a defendant where: (1) the idea for committing the crime came from an agent of the state and not from the defendant; (2) the state agent then persuaded or talked the defendant into committing the crime and did not merely give the defendant an opportunity to commit the crime; and (3) the defendant was not ready and willing to commit the crime before law enforcement spoke with the defendant. If the jury has a reasonable doubt as to whether the defendant was entrapped into committing an offense, the jury must find the defendant not guilty. I.C.J.I. 1513. The comment to this instruction indicates it should be given when the defendant has produced some substantial evidence supporting the defense of entrapment.

The second attorney indicated he examined the recordings used to implicate Suits in order to confirm whether Suits was being truthful when he denied committing the crime. After the second attorney reviewed the recordings, he became convinced that the recordings had been altered as claimed by Suits. Thus, it was not unreasonable for trial counsel to conclude that, rather than further pursuing the developing law on entrapment, trial preparation efforts should focus on building the defense theory consistent with the version of events relayed by Suits.[4]

Suits's trial counsel researched entrapment law and their conclusion that Suits must necessarily admit committing the elements of possession to claim entrapment was not professionally unreasonable. Thus, trial counsel's conclusion was not based on ignorance of the relevant law, and we will not second-guess the tactical or strategic decisions made by Suits's trial counsel on appeal. Because we conclude that Suits failed to meet his burden of proving his trial counsel's performance was deficient, we need not determine whether Suits was prejudiced by counsel's failure to request an entrapment jury instruction.

### III.

### CONCLUSION

We conclude that trial counsel's position regarding the law on entrapment did not fall outside the wide range of objectively competent representation. Therefore, the district court did not err by concluding that Suits failed to demonstrate ineffective assistance of counsel by a preponderance of the evidence. The district court's order denying Suits's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ concur.

---

4. Indeed, the presentation of inconsistent defenses may confuse the jury. *See Eaglin v. Welborn,* 57 F.3d 496, 501 (7th Cir.1995); *Soule,* 811 P.2d at 1073; *Weaver,* 3 S.W.3d at 326. In other cases, defendants have claimed they received ineffective assistance of counsel as a result of counsels' decisions to argue inconsistent defenses. *See Singleton v. Lockhart,* 871 F.2d 1395, 1400 (8th Cir.1989); *Commonwealth v. Gonzales,* 18 Mass.App.Ct. 979, 470 N.E.2d 403, 404 (1984). Thus, as noted by the district court, had Suits's counsel raised an entrapment defense, their conduct might also have been subject to a claim of ineffective assistance of counsel.