IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38079

| JIMMY THOMAS GLASS, | ) | 2012 Unpublished Opinion No. 366 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 23, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order summarily dismissing successive petition for post-conviction relief, affirmed.

Jimmy Thomas Glass, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jimmy Thomas Glass appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

The facts of the underlying criminal case and first petition for post-conviction relief are set forth in *Glass v. State*, Docket No. 36203 (Ct. App. Feb. 18, 2010) (unpublished):

Glass solicited an undercover police officer over the internet, believing the officer was a fifteen-year-old girl. Glass identified himself online under the username "letsgetkinky831" and the undercover officer identified himself under the username "Lisa200215ncal." During the course of the conversation, Glass invited the undercover officer to view a sexually-explicit image of himself and proposed a sexual rendezvous. The officer gave the address to a vacant apartment building being used as part of a sting operation. Glass agreed to meet "Lisa" at the apartment right away because he had to work later that day. He indicated that his name was Tom and he would be driving a black, two-door car. Shortly thereafter,

1

the car drove into the complex parking lot, and Glass approached the apartment door and was arrested by police officers.

Glass was found guilty by a jury of enticing a child over the internet. I.C. § 18-1509(A). The district court sentenced Glass to a unified term of fifteen years, with a minimum period of confinement of three years. Following Glass's I.C.R. 35 motion, the district court reduced his sentence to a unified term of fifteen years, with a minimum period of confinement of two years. The Court affirmed Glass's judgment of conviction in *State v. Glass*, 146 Idaho 77, 190 P.3d 896 (Ct. App. 2008).

Glass filed a pro se [petition] for post-conviction relief alleging seven claims: (1) the state failed to disclose exculpatory evidence; (2) the state failed to disclose an expert witness; (3) the prosecutor used perjured testimony; (4) prosecutorial misconduct; (5) ineffective assistance of trial counsel for failing to investigate a potential defense; (6) he was not adequately advised of his rights pertaining to the psychosexual evaluation as required by *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006); and (7) ineffective assistance of appellate counsel. Counsel was appointed to represent Glass during the post-conviction proceedings. The state moved for summary dismissal of the first five claims on the basis that Glass had failed to state a claim upon which relief may be granted. Specifically, the state argued that the first four claims could have been raised on direct appeal and that Glass could not show deficient performance on his fifth claim. After a hearing on the state's motion, the district court dismissed the first five claims. The state conceded the validity of Glass's claim concerning a violation of *Estrada*, and the district court granted a new sentencing hearing. Glass conceded that this seventh claim was without merit and did not object to its summary dismissal.

*Id*. at 1-2. Glass appealed, asserting the district court erred by summarily dismissing his claim that the State committed a *Brady*[1] violation by failing to disclose the seizure of his laptop computer from work, as well as the results of any testing conducted on the laptop. He also asserted the district court erred by summarily dismissing his claim of prosecutorial misconduct as it related to the alleged *Brady* violation concerning his work laptop computer. This Court affirmed the district court's order. As to Glass's *Brady* claim, we held:

[T]he seizure of Glass's work computer was the subject of extensive testimony offered at Glass's preliminary hearing which was subject to cross-examination by Glass's counsel. The transcript of that hearing was attached to Glass's [petition] for post-conviction relief. Glass's own filings belie his claim that the computer itself was not disclosed by the state.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

*Id*. at 4. We further held the State did not commit a *Brady* violation by failing to disclose the results of testing done on Glass's laptop computer. *Id.* at 5. We noted that at the preliminary hearing, the State's forensic examiner testified that a superficial examination of the hard drive revealed the existence of the phrase "letsgetkinky831," but the examiner explained that testing had not been completed. At trial, the State did not use any of the forensic test results. We noted Glass inferred that, because the State did not use the test results, the results must have been exculpatory. We explained, "In this case, Glass's [petition] provided even less than conclusory allegations. It provided only implicit inferences and speculation that the results of forensic testing done on his work computer must have been exculpatory because the state did not present them at trial." *Id*. We held that Glass failed to establish a genuine issue of material fact that the State failed to disclose material exculpatory information. *Id*.

Glass thereafter filed a successive petition for post-conviction relief, which is the subject of this appeal. The State filed a motion for summary dismissal and Glass filed a response. The district court granted the State's motion, summarily dismissing Glass's successive petition. Glass timely appealed.

## II.

## STANDARD OF REVIEW

On review of a dismissal of a post-conviction petition, the appellate court will review the entire record to determine if a genuine issue of material fact exists, which, if resolved in petitioner's favor, would require that relief be granted. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). The Court freely reviews the district court's application of the law. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## III.

## ANALYSIS

Idaho Code § 19-4908 governs the filing of successive petitions and provides:

**Waiver of or failure to assert claims.** All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

3

The plain language of this statute makes it clear that successive petitions for post-conviction relief are generally not permissible. Summary dismissal of a successive petition is therefore appropriate where the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding. *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006). Only in cases where the petitioner can show "sufficient reason" why claims were inadequately presented in the original case, may he have the opportunity to re-litigate them. *Id*. Thus, "to prevent his second [petition] from being dismissed, [Glass] had the burden of providing the district court with factual reasons upon which the court could conclude there was a 'sufficient reason' why the grounds for relief asserted in his second petition . . . 'were inadequately raised'" in his original petition. *Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995) (quoting I.C. § 19-4908). Idaho courts have long held that deficient representation by counsel in an initial post-conviction proceeding, that causes a claim to be inadequately presented to the court, constitutes a "sufficient reason" to allow assertion of the same claim in a subsequent post-conviction petition pursuant to Idaho Code § 19-4908. *See, e.g. Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005). Where, as here, a petitioner alleges ineffective assistance of post-conviction counsel as a basis for bringing a successive petition, the relevant inquiry is "whether the second [petition] has raised not merely a question of counsel's performance but substantive grounds for relief from the conviction and sentence." *Nguyen v. State*, 126 Idaho 949, 496, 887 P.2d 39, 41 (Ct. App. 1994) (quoting *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987)). Thus, to overcome summary dismissal, Glass was required to allege facts which, if true, showed both (1) that the claims alleged in his successive petition were either not raised or inadequately asserted in his original post-conviction action due to the ineffective assistance of his original post-conviction counsel, and (2) a valid underlying claim of post-conviction relief. *Nguyen,* 126 at 496, 887 P.2d at 41.

Glass challenges dismissal of four claims in his successive post-conviction petition: his *Brady* claim; his ineffective assistance of counsel claim; his prosecutorial misconduct claim; and his newly-discovered evidence claim. Initially, we note that Glass raised the first three claims in his first post-conviction petition. However, Glass contends his first three claims were inadequately raised below because his first post-conviction counsel failed to present admissible

4

evidence in support of these claims. Contrary to Glass's assertions, a review of the record and applicable law support the district court's dismissal of these claims.

**A.      *Brady* claim**

In his successive petition, Glass alleged the prosecution failed to disclose exculpatory evidence in the form of computer forensic test results and failed to produce his work laptop computer. Glass contends this evidence would indicate that he was not the person chatting with the undercover officer in the internet sting operation. He also alleged his post-conviction counsel was ineffective for failing to have the hard drive of the laptop computer examined, which resulted in his first *Brady* claim being summarily dismissed by the court. The district court dismissed this claim on the ground that the claim was adequately raised in the first petition.

This claim was addressed in Glass's first petition for post-conviction relief and was the primary issue raised in his first post-conviction appeal. *See Glass*, Docket No. 36203 (Ct. App. Feb. 18, 2010). On appeal, this Court upheld dismissal of this claim because, in part, Glass's first petition "provided only implicit inferences and speculation that the results of forensic testing done on his work laptop computer must have been exculpatory because the state did not present them at trial." *Id.* at 5. Glass's successive petition still provided only implicit inferences and speculation that the results of forensic testing of his work laptop computer would be exculpatory. Because Glass has not presented any admissible evidence that his first post-conviction counsel was ineffective for failing to examine the hard drive of his work laptop computer, he has failed to show that the district court erred in dismissing this claim.

**B.      Prosecutorial Misconduct Claim**

In his successive petition, Glass asserted the prosecution committed misconduct by (1) making misleading statements to the court concerning the custody and whereabouts of exculpatory evidence, which is now lost; (2) allowing perjured testimony by a witness without correcting the jury record or addressing the false statements; and (3) committing perjury by falsely claiming the work laptop computer was still in custody or violating the court order to preserve the work laptop computer as evidence. The district court summarily dismissed these claims finding, "Glass raised these issues in his first petition, and or fails to explain why he did not raise these issues in his first petition. Glass states a bare allegation that the laptop would have exculpatory evidence."

Again, these claims were raised and denied in Glass's first post-conviction proceeding. In Glass's first post-conviction petition he states, "[P]rosecution did not disclose 'Brady' evidence, prosecution misled the court and defense with misstatements of facts, prosecution did not disclose an expert witness, and prosecution knowingly used perjured testimony." Because these claims were addressed in Glass's first petition, the district court did not err in denying his successive petition on this ground. Moreover, because Glass is unable to establish a *Brady* violation, he is unable to establish a prosecutorial misconduct claim in relation to his *Brady* claim. See *Glass*, Docket No. 36203 (Ct. App. Feb. 18, 2010) ("Because we conclude Glass's [petition] failed to raise a genuine issue of material fact concerning a *Brady* violation, we need not address Glass's remaining claim that the Brady violation related to the disclosure of his work computer and its contents amounted to prosecutorial misconduct.").

## C.     Ineffective Assistance of Trial Counsel Claim

Glass also asserts the district court erred in summarily dismissing his ineffective assistance of trial counsel claim. In his successive petition, Glass claimed that his trial counsel was ineffective for:

> not obtaining, consulting and presenting computer expert testimony in conjunction with computer forensic evidence; and corroboration testimony of Kathy Grover, who told trial counsel's own investigator that the Petitioner was using his [work] laptop during the time of the alleged crime. Moreover, trial counsel failed to properly perform a pre-trial investigation, which is supported by the study conducted by the National Legal Aid and Defender Association, which found that Ada County Public Defenders Office was constitutionally inadequate by only spending an average of 2.18 hours per felony case.

The district court dismissed this claim, holding:

> Glass claims he is the owner of the computer. He claims his trial counsel should have had the computer analyzed, presumably to determine if it was used in the internet "chat" session. The state at trial never claimed this computer was used for the chat. The court fails to see how a forensic analysis would make a difference in this case. Glass provides no basis for believing it would, other than to say it could have exculpatory evidence on it.

This claim was dismissed in Glass's first petition because Glass failed to present any admissible evidence in support of his claim. Although he asserted that his first post-conviction counsel was ineffective and failed to adequately present this claim, Glass continued to fail to

6

present anything more than speculation and conjecture as to the testimony of a computer expert witness or Kathy Grover. Thus, the district court properly dismissed this claim.

**D.      Newly-Discovered Evidence Claim**

In his successive petition, Glass asserted the prosecution failed to disclose the Yahoo! Terms of Service (TOS) Agreement and Yahoo! Registration Page. Glass asserted the investigator violated the TOS agreement by posing as a fifteen-year-old girl online. Glass contends that because the prosecutor failed to disclose this agreement, he was deprived of the opportunity to cross-examine the investigator about this purported violation of the agreement. Glass alleged that "if trial counsel had access to this evidence at trial, counsel could have impeached the prosecution's key witness and presented a valid entrapment defense." In dismissing this claim, the district court ruled:

> Due process requires all material exculpatory evidence known to the state or in its possession be disclosed to the defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Glass has not shown that this is evidence the prosecution had before his trial. This claim is dismissed. Furthermore, if there was a violation of an agreement, that would be an issue between Yahoo and the state's agents who allegedly violated a user agreement. Glass was not a party to that agreement. A violation of the agreement in and of itself would not give Glass an entrapment defense. Glass would also have to admit to the offense to claim entrapment which he has not done. *See Suits v. State*, 143 Idaho 160, 139 P.3d 762 (Ct. App. 2006).

On appeal, Glass asserts the district court erred in finding the TOS agreement immaterial and argues that "had the state disclosed the TOS, trial counsel could have made a strategic decision for an entrapment defense or formulated a jury instruction for entrapment at the trial." According to Glass, the TOS agreement supports his entrapment defense because the investigator violated the agreement when he created his online profile.

A post-conviction petitioner may be entitled to relief if he demonstrates the existence of "evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." I.C. § 19-4901(a)(4). The four-part test a defendant must satisfy in order to be entitled to relief based upon a claim of newly-discovered evidence is that (1) the alleged evidence is newly-discovered and was unknown to the defendant at the time of trial; (2) the alleged evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was not due to

lack of diligence on the part of the defendant. *Whiteley v. State*, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998); *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

Even assuming the TOS agreement was newly-discovered, Glass cannot show it is material and not merely cumulative or impeaching. Nor can Glass show that the agreement will probably produce an acquittal. Even if Glass could show a violation of the TOS agreement, it could only be used to impeach the investigator; it would not support an entrapment defense:

> [E]ntrapment occurs when an otherwise innocent person, not inclined to commit a criminal offense, is induced to do so by a state agent who, desiring grounds for prosecution, originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense. There is a distinction however, between originating the idea to commit the crime and merely furnishing the opportunity to commit it.

*Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006) (citations omitted). Glass has not alleged what evidence purportedly supports an entrapment defense, let alone shown the possibility of a valid entrapment defense.

Further, the district court correctly noted that a violation of the TOS agreement would be an issue between Yahoo! and the detective. Finally, as explained by the district court, in order to prevail on an entrapment defense, the defendant must acknowledge that he committed the crime. *See id*. at 164, 139 P.3d at 766. Glass continues to deny that he was "letsgetkinky831." In his appellant's brief "Glass maintains that he was not letsgetkinky831 and that he did not chat with [the] Detective." The district court did not err in dismissing this claim.

## IV.

## CONCLUSION

Because Glass's grounds for relief were finally adjudicated or waived in the initial post-conviction proceedings or lacked merit,[2] we affirm the district court's order summarily dismissing Glass's successive petition for post-conviction relief.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] Glass's fourth claim regarding newly-discovered evidence was not raised in his initial post-conviction petition.