**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38517**

| | | |
|---|---|---|
| **SPENCER JAY MASCHEK,** | ) | **2012 Unpublished Opinion No. 667** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: October 11, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order summarily dismissing amended petition for post-conviction relief, <u>affirmed</u> in part, <u>vacated</u> in part, and case <u>remanded</u>.

Silvey Law Office, Ltd., Star, for appellant. Greg S. Silvey argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

WALTERS, Judge pro tem

Spencer Jay Maschek appeals from the district court's order summarily dismissing his petition for post-conviction relief. Maschek claims that his counsel was ineffective for failing to withdraw his guilty plea after the district court relinquished jurisdiction and failing to adequately explain the plea agreement.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Maschek entered an *Alford* plea[1] to conspiracy to commit arson. Pursuant to the plea agreement, the State recommended Maschek be sentenced to a unified term of eight years, with four years determinate. The State also recommended that Maschek's sentence be suspended and he be placed on supervised probation for four years, on

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

the condition that he participate in, and comply with the requirements of, mental health court. In the event Maschek was not accepted into mental health court, the State agreed "to limit itself to a period of retained jurisdiction, not actual penitentiary time to be served."

At the hearing for the entry of his guilty plea, the district court asked Maschek if he understood the plea agreement and whether he felt his counsel had properly advised him. Maschek replied that he understood the plea agreement because he had discussed the agreement with counsel. The district court also attempted to explain to Maschek the consequences of signing the plea agreement.

Maschek was ultimately denied admittance into mental health court. The district court then sentenced him to a unified term of eight years, with four years determinate; however, the district court retained jurisdiction. Following the period of retained jurisdiction, the North Idaho Correctional Institution issued an addendum to the presentence investigation report, which recommended the district court relinquish jurisdiction because Maschek received multiple disciplinary sanctions for violating the rules of the retained jurisdiction program. The district court relinquished jurisdiction and this Court subsequently affirmed the sentence. *State v. Maschek*, Docket No. 36580 (Ct. App. Mar. 3, 2010) (unpublished).

Maschek then filed a pro se petition for post-conviction relief arguing, inter alia, he received ineffective assistance of counsel. Maschek requested appointed counsel, which the district court granted, and Joseph Rockstahl was appointed to represent Maschek. Rockstahl filed an amended petition for post-conviction relief, which merely restated Maschek's post-conviction claims. After filing an answer, the State filed a motion for summary dismissal with a supporting brief and statement of uncontested material facts. The State also requested the district court take judicial notice of thirty-one documents from the underlying criminal case. At the hearing on the motion for summary dismissal, Rockstahl failed to make any additional argument; instead, he relied entirely on the initial pro se petition and amended petition for post-conviction relief. The district court took judicial notice of the documents and ultimately rejected all of Maschek's claims and summarily dismissed the petition. Maschek timely appealed.[2]

---

[2]     During oral argument, Maschek's appellate counsel conceded an issue that was briefed was unfounded. Thus, the issue of whether counsel was ineffective for failing to withdraw Maschek's guilty plea at the time he was denied admittance to mental health court is withdrawn.

## II.

## DISCUSSION

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712,

714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review.

4

*Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.     Motion to Withdraw Plea Agreement After District Court Relinquished Jurisdiction

Maschek claims that his counsel was ineffective for failing to withdraw his guilty plea after the district court relinquished jurisdiction. Maschek argues that he was entitled to withdraw his guilty plea because the district court, during the guilty plea hearing, made inconsistent statements as to whether Maschek would have the ability to withdraw his guilty plea if he was not placed on probation. The State argues that the judge's statement was "merely a promise to place Maschek on probation if he was accepted into Mental Health Court. . . ."

Where a claim of ineffective assistance is predicated on counsel's failure to file a motion, a conclusion that the motion would not have been successful generally precludes a finding of prejudice. *See Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996); *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). Standards applicable to motions to withdraw pleas are set forth in Idaho Criminal Rule 33(c), which states: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of

5

sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." Whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court, and such discretion should be liberally applied. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). Nevertheless, the defendant bears the burden of showing that withdrawal of the plea should be allowed. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Id.* Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986).

The fact that Maschek entered an *Alford* plea in which he did not admit factual guilt does not diminish his burden to show a just reason for withdrawal of the plea. The Idaho Supreme Court has explained:

> Federal cases hold generally that a defendant who enters an Alford-type plea is not "willy nilly" entitled to withdraw it, as this would render inconsequent the guilty plea. . . . The utility of Alford pleas will be severely reduced if defendants are permitted to withdraw them before sentencing for no additional reason. Such a holding might well lead to a reluctance on the part of prosecutors and judges to agree to the acceptance of such pleas. This would impair judicial efficiency by eliminating a useful procedure for the resolution of criminal cases; it would also work to the detriment of defendants. We therefore hold that a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt. . . .

*Dopp*, 124 Idaho at 486, 861 P.2d at 56. *See also Zepeda v. State*, 152 Idaho 710, 716, 274 P.3d 11, 17 (Ct. App. 2012).

Maschek's claim that he was entitled to withdraw his guilty plea after the district court relinquished jurisdiction is based on statements made by the district court at the plea hearing:

> Again, I have told your attorneys, pursuant to a chambers' conference that we had yesterday, that since this matter is presented to me as a Rule 11 plea agreement that I will honor the recommendations of the state to place you on probation. Do you understand that if for some reason something would come up and I would change my mind about that, that I would allow you to withdraw your plea of guilty? Do you understand that?

6

Even if we assume, arguendo, the district court misstated that Maschek would be entitled to withdraw his guilty plea, Maschek's ineffective assistance of counsel claim is unavailing.

Maschek has failed to argue, at any time during the proceedings below or on appeal, that he requested his counsel to file a motion to withdraw his guilty plea or that his counsel had knowledge of a ground that would entitle Maschek to withdraw his guilty plea. At least one other court has held that in order for a petitioner to satisfy *Strickland's* deficient performance prong he or she must communicate to counsel a desire to withdraw a guilty plea or state other facts to support that counsel was aware of grounds to warrant a guilty plea withdrawal.[3] The decision to withdraw a guilty plea must be made by the client. *Cf. Florida v. Nixon*, 543 U.S. 175, 187 (2004) (noting that certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant and that a defendant has the ultimate authority to decide whether to plead guilty). It follows that he has not met the deficient performance prong for his claim of ineffective assistance of counsel. We consequently find no error in the district court's summary dismissal of this ineffective assistance of counsel claim predicated upon failure to withdraw the guilty plea.

**B.      Failure to Explain Plea Agreement**

Maschek also claims that his counsel inadequately explained the plea agreement and thus rendered ineffective assistance. As noted above, to prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Hassett*, 127 Idaho at 316, 900 P.2d at 22. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Suits v. State*, 143 Idaho 160, 162, 139 P.3d 762, 764 (Ct. App. 2006). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been

---

[3]      We find the Pennsylvania Superior Court's reasoning on this point to be persuasive: "In the absence of counsel's independent awareness of grounds to file a motion to withdraw plea or the entreaty of Appellant, counsel cannot be deemed ineffective for a failing to file such a plea." *Pennsylvania v. Gonzalez*, 840 A.2d 326, 331 (Pa. Super. Ct. 2004). Furthermore, several unpublished decisions by the Idaho Court of Appeals, without citation of authority, have concluded that for a petitioner to properly allege an ineffective assistance of counsel claim the petitioner must have communicated to counsel the desire to withdraw his or her guilty plea.

different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Where, as here, the applicant was convicted upon a guilty plea to satisfy the prejudice element, the applicant seeking relief from the conviction generally must show a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Plant*, 143 Idaho at 762, 152 P.3d at 633. This requires a showing that a decision to not accept a plea agreement and plead guilty would have been rational under the circumstances. *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1485 (2010). Bare assertions and speculation, unsupported by specific facts, do not make out a prima facie case for ineffective assistance of counsel. *Roman*, 125 Idaho at 649, 873 P.2d at 903.

The district court in addressing this claim found:

> Again, there are no facts to support these allegations; and in fact, it is specifically disproved by the record. The offer/plea agreement sets forth that Maschek had read the offer, that he understood it, and that he accepted the offer on its stated terms.
> As I've already noted, a term of the plea offer was that if Maschek was not accepted into mental health court, the state would limit itself to a period of retained jurisdiction.
> Also, the change of plea advisory form sets forth that Maschek had discussed all the ramifications of his case with his lawyer and had discussed fully with his lawyer the nature of the charge and Maschek's constitutional rights and defenses to the charge, including the possible consequences. As such, this allegation is disproved by the record and is dismissed.

Maschek argues that his responses during the hearing for the entry of guilty plea demonstrate that he did not understand the plea agreement. According to Maschek, he was first informed that he would not be able to withdraw his guilty plea:

> COURT: And if you're not allowed to get into mental health court, *your plea in this case will still stand, in other words, you can't withdraw it*. Do you understand that?
> MASCHEK: Yes, sir.

(Emphasis added.) Then a few moments later Maschek was informed that he would be able to withdraw his guilty plea:

> COURT: Again, I have told your attorneys, pursuant to a chambers' conference that we had yesterday, that since this matter is presented to me as a Rule 11 plea agreement that I will honor the recommendations of the state to place you on probation. Do you understand that if for some reason something would come up and I

> would change my mind about that, that *I would allow you to withdraw your plea of guilty*? Do you understand that?
>
> MASCHEK: Yes, sir.

(Emphasis added.) Maschek asserts that this statement informed him that he could withdraw his guilty plea if the court did not place him on probation. Maschek argues that the statements by the district court cannot be reconciled and demonstrate that he did not understand the consequences of signing his plea agreement. Moreover, in Maschek's initial petition for post-conviction relief, he argued "[t]he petitioner was prejudiced by defense counsel's misrepresentations and would not have waived his right to trial by jury, confrontation of witness, opportunity for jury pardon, but for the misrepresentation of defense counsel."

The State counters that Maschek made several statements during the entry of the guilty plea that directly contradict his argument. When asked if he was satisfied with his counsel's representation, Maschek replied that he was. Maschek further elaborated that he understood the charges and the evidence that the State had against him. Furthermore, Maschek noted on the guilty plea advisory form that his counsel adequately informed him of the consequences of the plea agreement.

We are not persuaded by the State's argument. Although signing a guilty plea form is an important element in determining whether a defendant understood a plea agreement, it cannot be the sole determining factor. If a defendant is genuinely confused as to what the written agreement actually means, and it was not properly explained by counsel, then a defendant likely will not realize his or her misunderstanding until after the guilty plea form has been signed. Here, Maschek claims he was not adequately informed of the consequences of signing the plea agreement, alleging his counsel's deficient performance. The district court made ambiguous statements to Maschek during sentencing, which could further bolster his claim. Likewise, the plea agreement contained language that would be ambiguous to a non-lawyer: "If the defendant is not accepted into [mental health court], the state will limit itself to a period of retained jurisdiction, not actual penitentiary time to be served." Maschek contends he understood the plea agreement to mean that he would either go into mental health court or would get probation, but would not be sentenced to the penitentiary. As to prejudice, Maschek's initial petition for post-conviction relief stated that he would not have accepted the plea agreement if he had been informed that probation was not guaranteed. To compound the need for an evidentiary hearing,

9

Maschek's post-conviction counsel did not zealously advocate for the petitioner and chose to sit idly as the State moved for summary dismissal. Post-conviction counsel did not even draw the court's attention to the above-quoted statement by the court in the transcript of the plea hearing. We agree that Maschek has asserted a genuine issue as to whether counsel was ineffective for failing to adequately advise him of the consequences of pleading guilty, and we conclude dismissal on this issue was inappropriate.

## III.

## CONCLUSION

Because Maschek asserted a genuine issue of material fact as to whether counsel was ineffective for failing to adequately advise him on the consequences of pleading guilty, the district court erred in summarily dismissing this claim. Maschek did not, however, make a prima facie showing his counsel was deficient for not sua sponte withdrawing the guilty plea or that he was prejudiced by his counsel's inaction. Accordingly, the district court's judgment summarily dismissing Maschek's petition for post-conviction relief is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Judge LANSING and Judge MELANSON **CONCUR.**